Keating, J.
(concurring). I concur in reversal under constraint of Berger v. New York (388 U. S. 41).
The Supreme Court in Berger noted the specific defects it found in the present New York statute. It appears that a procedure for the authorization of the use of electronic devices may be formulated, consonant with the provisions of the Fourth Amendment. It is hoped that the Legislature or perhaps the Constitutional Convention will give high priority to adoption of appropriate statutes or constitutional amendments to that effect. If there were any question that such authorization is necessary, it surely is dispelled by the very facts of this case, in which the lives of a number of individuals were apparently -saved as a result of what the police discovered during the court-authorized eavesdropping.
As one who has always been concerned with unreasonable and unwarranted intrusions into the privacy of the home (see, e.g., People v. Williams and Edwards, 20 N Y 2d 388 [decided herewith]; People v. Schnitzler, 18 N Y 2d 457, 461-464 [dissenting opn.], mot. for rearg. den. 19 N Y 2d 633), I am not unaware of the dangers that unrestricted and uncontrolled eavesdropping poses. Such eavesdropping was not authorized by the present statute and would not be authorized under a statute drafted in accordance with the standards enunciated in Berger.
In seeking to limit the extent of governmental intrusion on constitutionally protected rights, we must be aware of the *351 dangers of creating a society in which the individual is secure in his home and person only from governmental intrusion and not from the intrusion of those whose criminal conduct truly threatens the free society in which we live.